## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRETT STALLINGS,**
**No. 17370-047,**

      **Petitioner,**

      **vs.**                       **CIVIL NO. 14-cv-00636-DRH**

**JAMES CROSS,**

      **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Brett Stallings, an inmate at the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the sentence imposed in November 2004, after he was convicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See United States v. Stallings*, Case No. 01-cr-30158-WDS (S.D. Ill. judgment filed Nov. 19, 2004). Because he had three prior qualifying offenses, Stallings was sentenced to a 188-month term of imprisonment as an armed career criminal, pursuant to 18 U.S.C. § 924(e)(1). Citing 18 U.S.C. § 921(a)(20), Stallings argues that one of the three prior felonies used to enhance his sentence had been "discharged" and his civil rights had been restored, disqualifying that offense for purposes of the Section 921(e). Consequently, he contends, that he is "actually innocent" and should be resentenced and/or released from prison.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

After carefully reviewing the petition in the present case, and reviewing his litigation history, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed. Furthermore, it appears that sanctions may be warranted, as this is Stallings <u>third</u> Section 2241 petition presenting the same argument.

<b><u>Procedural History</u></b>

Petitioner Stallings' 2004 conviction was affirmed on direct appeal. *See United States v. Stallings*, 160 Fed. App'x 478 (7th Cir. 2005) (addressing the sufficiency of the evidence).

Petitioner next filed a motion under 28 U.S.C. § 2255 to vacate, correct or set aside his sentence. *See Stallings v. United States,* Case No. 06-cv-136-WDS (S.D. Ill. filed Feb. 14, 2006). He raised several claims, including that his counsel was deficient for failing to raise the issue that he should not have been sentenced as an armed career criminal. The petition was dismissed and petitioner appealed. As part of that appeal, he attempted to raise the claim that a prior burglary conviction was not a "violent felony" under the Armed Career Criminal

Act, 18 U.S.C. § 924(e)(1).  In denying petitioner's request to expand the scope of his appeal, the Court of Appeals noted that petitioner's claim was frivolous, finding that "[t]he indictment and judgment for that conviction reveal that Mr. Stallings burglarized a structure, and burglary of a structure is per se a 'violent felony.'"  *Stallings v. United States*, 536 F.3d 624, 626 n.1 (7th Cir. 2008); *see also* 18 U.S.C. § 924(e)(2)(B)(ii).  The matter was remanded on other grounds for a determination as to whether the 188-month sentence would have been the same if this Court had viewed the sentencing guidelines as advisory rather than mandatory; upon remand this Court confirmed the sentence would not have changed.

In 2012, Stallings challenged the armed career criminal enhancement in his first Section 2241 petition, *Stallings v. Cross*, Case No. 12-cv-643-DRH (S.D. Ill. filed May 18, 2012).  He argued that his sentence should not have been enhanced, because the burglary offense on which it was based had been dismissed.[1]  On August 9, 2012 (Case No. 12-cv-643-DRH, Doc. 5), the undersigned Judge dismissed that petition on preliminary review, finding that petitioner's argument had been specifically addressed by this Court in the Section 2255 proceeding, *Stallings v. United States*, Case No. 06-cv-136-WDS.  Review of the record showed that the sentence enhancement was based on the "Wayne burglary," and not on the "Bailey burglary" (which had been dismissed).  *See* Case No. 12-cv-

---

[1] Stallings acknowledged that he had three felony convictions, two armed robberies and a burglary to the dwelling of Marvin Wayne.  (Case No. 12-cv-643-DRH, Doc. 1, p.5).  He argued that a charge of burglarizing the Bailey residence, for which Stallings was never convicted, had been used as one of the requisite felonies for enhancing his sentence.  (Case No. 12-cv-643-DRH, Doc. 1, pp.5-6).

643-DRH, Doc. 5, n.2.  Furthermore, petitioner's appeal from the denial of his Section 2255 motion was found to be frivolous, which alone was grounds for dismissal of the first Section 2241 petition (*see* Case No. 06-cv-136-WDS, Doc. 66).  Finally, petitioner made no showing that he had a non-frivolous claim of actual innocence that could not have been brought in a Section 2255 proceeding (Case No. 12-cv-643-DRH, Doc. 5).

After dismissal of that first Section 2241 petition (Case No. 12-cv-643-DRH), Stallings filed a motion to alter or amend judgment, which was denied on September 27, 2012 (Case No. 12-cv-643-DRH, Doc. 8).  Petitioner did not appeal the dismissal of that case, and instead filed a second Section 2241 petition, *Stallings v. Cross*, Case No. 12-cv-1097-DRH (S.D. Ill. filed Oct. 15, 2012).

In his second Section 2241 petition, Stallings again argued that he had only two prior qualifying felonies, not three, thus his enhanced sentence was improper. He asserted that the Court erred in finding that the exact issue raised in the Section 2255 proceeding, Case No. 12-cv-643-DRH, had been addressed in his first Section 2241 petition, Case No. 06-cv-136-WDS.  Stallings attempted to distinguish the two actions by noting that his Section 2255 arguments were based on his belief that the dismissed "Bailey burglary" was the basis for the sentence enhancement.  Because the Court did not make clear until its November 2, 2011, order that the Wayne burglary was the third offense that provided grounds for the enhanced sentence, Stallings contended he should have been permitted to challenge the sentence by attacking the "Wayne burglary" via Section 2241.  More

specifically, Stallings argued that under *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), the "Wayne burglary" should not have been used to enhance his 2004 sentence because his civil rights had been restored after he completed the sentence on the "Wayne burglary" Order for Discharge).    Because the *Buchmeier* decision post-dated petitioner's 2006 Section 2255 motion, he claimed he could not have brought this argument in that proceeding.

This Court was unpersuaded.  Stallings' second Section 2241 petition was dismissed because it re-asserted grounds which were previously dismissed *with prejudice* in his Section 2255 proceeding, Case No. 12-cv-643-DRH, and which should have been challenged on appeal, rather that reargued in a second petition. *See* Case No. 12-cv-1097-DRH, Doc. 3.   Citing 28 U.S.C. § 2255(e), *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012), *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), and *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998), the Court further concluded that Stallings had failed to show that Section 2255 was inadequate of ineffective to test the legality of his detention.

In an unpublished order dated January 25, 2013, the Court of Appeals for the Seventh Circuit affirmed the dismissal of Stallings' second Section 2241 petition. *Stallings v. Cross*, Case No. 12-3637 (7th Cir. Jan. 25, 2013) (Case No. 12-1097, Doc. 12-1).  The appeal was characterized as "meritless."  Furthermore, Stallings was warned that "the submission of frivolous papers will result in sanctions."  *Id*. (citing *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) (finding that courts have inherent authority to protect themselves from vexatious

litigation and imposing a $500 fine for the filing of a third collateral attack, and entering a filing ban pursuant to *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)).

### The Third Section 2241 Petition

Undeterred, Stallings has now filed a third Section 2241 petition (Doc. 1) raising, essentially, the same arguments presented in his other two Section 2241 petitions. Consequently, the Court adopts and reiterates its order dismissing the second petition, Case No. 12-cv-1097-DRH, Doc. 3. The following additional analysis is offered in order to distinguish the second and third Section 2241 petitions, and to show that even if the argument is new, it has no merit.

A Section 2241 petition can only be used to attack a conviction or sentence when the Section 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted); 28 U.S.C. § 2255(e). " 'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' " *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

The argument that the prior conviction on which Stallings' civil rights had been restored should not have been used to enhance his sentence was raised and rejected in his second Section 2241 petition. Stallings attempts to distinguish the third petition, arguing that his previous Section 2241 petitions were premised

upon *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), and the third petition is now focused upon whether 18 U.S.C. § 921(a)(2) and the "order of discharge" were properly interpreted by the sentencing court. This is a distinction without a difference.

*Buchmeier* is a case pertaining to Illinois law and the interpretation of a discharge letter and whether it satisfied Section 921(a)(2) restoration of civil rights. The appellate court discussed the "big three civil rights" that must be restored relative to Section 921(a)(2)): the rights to vote, hold office and to serve on a jury. *Buchmeier*, 581 F.3d at 564. The appellate court concluded that the "big three" do not all have to be specifically enumerated in the restoration of rights document because a defendant may not have lost all three. *Id*. *Buchmeier* otherwise focused on the wording of the particular discharge letter, vis-à-vis Section 921(a):

> We have been advised by the field services office of the Stateville Correctional Center that you have completed the maximum of your sentence as of 02/09/1994. On this date, your obligation to the department ceases.

> We are pleased to inform you of the restoration of your right to vote and to hold offices created under the constitution of the state of Illinois. You also have the right to restoration of licenses granted to you under the authority of the state of Illinois if such license was revoked solely as a result of your conviction, unless the licensing authority determines that such restoration would not be in the public interest.

*Id*. at 564 (quoting Buchmeier's discharge letter).

The key principle drawn from *Buchmeier* is:

> [A] state may not employ language in discharging a prisoner that will
> lull the individual into the misapprehension that civil rights have
> been restored to the degree that will permit him to possess firearms."
> *United States v. Vitrano,* 405 F.3d 506, 510 (7th Cir.2005). Thus, if
> a state sends a document to a convicted felon that seems to restore
> all civil rights, "the conviction does not count for federal purposes
> unless the document warns the person about a lingering firearms
> disability.

*Buchmeier,* 581 F.3d at 566.  Regardless of how he tries to spin it, that is the

essence of the argument Stallings presents in his third Section 2241 petition.

Nevertheless, for the sake of completeness, this argument will be explored in

detail.

> Section 921provides in pertinent part:

> Any conviction which has been expunged, or set aside or for which a
> person has been pardoned or has had civil rights restored shall not
> be considered a conviction for purposes of this chapter, unless such
> pardon, expungement, or restoration of civil rights expressly provides
> that the person may not ship, transport, possess, or receive firearms.

18 U.S.C.A. § 921(a).

 Stallings now argues that Section 921(a) does not specify how many civil

rights must be restored; therefore, because his conviction has been discharged,

and there is no specific provision that he may not ship, transport, possess, or

receive firearms, the discharged burglary conviction cannot be used to enhance

his sentence (*see* Doc. 1, pp. 6-7).  More to the point, Stallings believes that his

discharge letter expunged his conviction and satisfied Section 921(a) (and

*Buchmeier*).   He completely ignores that in *Buchmeier* the appellate court

observed (despite receipt of a discharge letter):

> If someone asks Buchmeier "have you been convicted of a felony?" he must answer "yes"; restoration of civil rights differs from expungement as a matter of Illinois law. But because the state sent Buchmeier a document stating that his principal civil rights have been restored, while neglecting to mention the continuing firearms disability, the final sentence of § 921(a)(2)) means that his burglary convictions do not count for federal purposes. He is entitled to be resentenced.

*Buchmeier*, 581 F.3d at 567.  In other words, it was not the discharge itself, but the confusing language about the restoration of civil rights that secured Buchmeier resentencing.

Regarding whether Stallings has been lulled into believing his civil rights have been restored to the extent necessary to qualify for the exclusion in Section 921(a), he points out that the restoration of rights language appears at the bottom of the "Order for Discharge," as a post script (*see* Doc. 1, p. 13).  He argues that the state should not be allowed to rely upon a mere post script—the fine print, or an afterthought.

The "Order for Discharge" states that Stallings, having been "released on parole or mandatory supervised release," and the Parole Board "believing that final release is compatible with the welfare of society," the Board orders that Stallings "is hereby finally *discharged* from this *conviction or commitment*." (Doc. 1, p. 13) (emphasis added).  The post script then states:

> Delivery of this document to you relieves you of *all sentence obligation* [sic] as described herein.  Your rights to vote and administer estates are regained, though you may be required to show this document to the registration authority.

(Doc. 1, p. 13) (emphasis added).

The "four corners" of the Order for Discharge, not just the parts Stallings favors, must be considered. *See United States v. Burnett,* 641 F.3d 894, 896 (7th Cir.2011) ("Section 921(a)(20) directs us to the four corners of the document, and there we stop."). As a whole, the language of the Order for Discharge would not lull one into the misapprehension that civil rights have been restored to the degree that would permit the possession of firearms. Admittedly, the reference to the discharge of "conviction or commitment" is somewhat confusing, but the use of the disjunctive and the inclusion of the clarifying post script indicate that the Order for Discharge by the Parole Board does not conform with the exclusion in Section 921(a). Furthermore, the document does not refer to "all" civil rights being restored. Rather, only one of the "big three" is referenced.

Even if this Court's reading of the Order for Discharge is incorrect, the third Section 2241 petition fails, as did the second, because this argument could have been, *and actually was*, presented in Stallings' Section 2255 motion. *See* Case No. 06-cv-136-WDS, Doc. 2, p. 10 (Argument 5 regarding the 1978 burglary conviction that was "discharged off parole" and the lack of notice that the conviction could be used for "enhancements").

For all of these reasons, petitioner has not demonstrated that Section 2255 is an inadequate remedy for his current claim, and consistent with *Hill v. Werlinger* and *In re Davenport*, petitioner cannot raise this claim through a

Section 2241 petition, no matter how many times he tries.  Accordingly, the petition will be dismissed with prejudice.

### Sanction for Vexatious Litigation

In dismissing Stallings' second Section 2241 petition, the Court of Appeals for the Seventh Circuit warned that "the submission of frivolous papers will result in sanctions."   *Stallings v. Cross*, Case No. 12-3637 (7th Cir. Jan. 25, 2013) (Case No. 12-1097, Doc. 12-1).  As explained above, Stallings' third Section 2241 is merely a rehash—a different spin—on arguments previously presented in the Section 2255 proceedings and the first two Section 2241 petitions.  Thus, the third Section 2241 petition is frivolous and vexations—an unwarranted bother and drain on the Court's resources.

Under *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997), and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bans.  In *Alexander*, and a $500 fine for the filing of a third collateral attack, and entry of a *Mack* filing ban were deemed appropriate sanctions.

Petitioner Stallings will be granted a brief period in which to show cause why he should not be sanctioned with a $500 fine and entry of a filing ban directing that, until the fine is paid in full, any and all documents submitted for filing in this district court that do not pertain to an appeal in this case, shall be returned unfiled.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, petitioner Brett Stallings' third Section 2241 petition (Doc. 1) is summarily **DISMISSED**. Judgment shall enter accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal in this district court within thirty days of the entry of judgment.   FED.R.APP.P. 4(a)(4).   A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.   *See* FED.R.APP.P. 24(a)(1)(C).   *If* petitioner does choose to appeal and *if* he is allowed to proceed as a pauper, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.   It is not necessary for petitioner to obtain a certificate of appealability.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS FURTHER ORDERED** that, because this petition has been found to be without merit, frivolous and vexatious, on or before **August 8, 2014**, petitioner Brett Stallings shall **SHOW CAUSE** in writing why he should not be sanctioned with a $500 fine and entry of a filing ban directing that, until the fine is paid in

full, any and all documents submitted for filing in this district court that do not pertain to an appeal in this case, shall be returned unfiled.

**IT IS SO ORDERED.**

**Signed this 9th day of July, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.07.09
12:42:39 -05'00'

**Chief Judge**
**United States District Court**